UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN

In re  
        Jennifer Bosket

Debtor
_____/

Case No. 10-77808  
Chapter 13  
Judge: Shefferly

# TRUSTEE'S OBJECTION TO CREDITOR'S, MICHIGAN FIRST CREDIT UNION, MOTION TO TERMINATE AUTOMATIC STAY AS TO DEPOSIT ACCOUNT AND MEMORANDUM OF LAW IN OPPOSITION

The Standing Chapter 13 Trustee, David Wm. Ruskin, files this Objection to Creditor's, Michigan First Credit Union ("Creditor"), Motion to Terminate Automatic Stay as to Deposit Account. Creditor seeks relief that violates 11 USC Section 1327 and the terms of Debtor's Chapter Plan as confirmed.

With regard to the allegations stated in Creditor's Motion, Trustee responds:

1. Trustee admits the allegations contained in Paragraph 1 of Creditor's Motion.

2. With regard to the allegations contained in Paragraph 2 of Creditor's Motion, Trustee admits that Creditor filed a Proof of Claim for an unsecured claim based on an "Open End Plan Signature Plus" in the amount of $1,535.65.

3. With regard to the allegations contained in Paragraph 3 of Creditor's Motion, Creditor's Motion is unclear as to whether Creditor alleges that Debtor has a bank account with Creditor or, in the alternative, has one or more certificates of deposit with Creditor. Trustee is without knowledge and therefore neither admits nor denies that Debtor has a bank account or certificate of deposit with Creditor. For the reasons more specifically stated below, Trustee specifically denies that Creditor has a lien on any assets of Debtor.

4. Trustee denies the allegations contained in Paragraph 4 of Creditor's Motion.

1

5.     With regard to the allegations contained in Paragraph 5 of Creditor's Motion, Trustee admits that the quoted language accurately restates a portion of Michigan Compiled Laws Section 490.361. Trustee denies that the quoted language controls in this case or that Creditor may refuse to allow Debtor to withdraw funds as Creditor has no lien on or other interest in those funds.

6.     Trustee denies the allegations contained in Paragraph 6 of Creditor's Motion. Debtor's Plan was confirmed with a dividend to unsecured creditors of not less than 5% of duly filed and allowed claims. Creditor filed an unsecured Proof of Claim and that claim is established in the Chapter 13 Trustee's system for payment in accordance with the Plan as confirmed. Debtor's Chapter 13 Plan is scheduled to pay the required dividend in substantially less than the confirmed plan term nod could produce a dividend in excess of 10% of allowed claims. Debtor has a pay history in excess of 100% and is not in default under the confirmed Plan.

7.     Trustee denies the allegations contained in Paragraph 7 of Creditor's Motion. Trustee affirmatively alleges that the allegations contained in Paragraph 7 of Creditor's Motion are inconsistent with the allegations in Paragraph 4 of Creditor's Motion and the provisions of Michigan Compiled Laws Section 490.361. Creditor alleges in Paragraph 7 a right of setoff which does not require the existence of a lien, while Section 490.361 requires proof of a lien. Therefore, any alleged right of setoff (which the Trustee specifically denies) does not give rise to any alleged right of Creditor to exercise its rights under Section 490.361.

8.     Trustee denies the allegations contained in Paragraph 8 of Creditor's Motion. Creditor is receiving exactly the treatment specified in Debtor's confirmed Chapter 13 Plan. Creditor did not object to confirmation of the Plan, did not appeal the Court's Confirmation

2

Order, and did not seek other relief from the Confirmation Order. Creditor will be paid according to the Plan as confirmed. Denying Creditor's Motion will not prejudice Creditor.

9. With regard to the allegations contained in Paragraph 9 of Creditor's Motion, Trustee admits that the Motion attaches a proposed Order but denies that Creditor is entitled to entry of that Order and further denies that Creditor is entitled to any relief whatsoever.

10. Trustee is without knowledge and therefore neither admits nor denies the allegations contained in Paragraph 10 of Creditor's Motion.

11. Creditor's Motion fails to state which provision of Section 362 on which Creditor relies to obtain relief from the automatic stay. The predicate to Creditor receiving any relief on this Motion is Creditor's allegation that Creditor holds a lien on the funds that are either in the deposit accounts or in one or more certificates of deposit (collectively the "Funds"). Creditor does not hold a security interest in the Funds and is not entitled to the relief requested.

## ARGUMENT

Debtor commenced this case by filing a Voluntary Petition under Chapter 13 of the United States Bankruptcy Code on December 20, 2010. Debtor scheduled the obligation owed to Creditor on Schedule F as an unsecured debt. Debtor's Plan proposed to pay unsecured creditors a dividend of 5% of the allowed claims. Debtor's Plan identified only one "Class 5" secured claim held by Ford Motor Credit secured by a lien on Debtor's automobile. Debtor's Plan does not identify or treat any other claim as "secured". Consistent with the standard practices in the Eastern District of Michigan, the Plan specifically identified only secured creditors and creditors who were parties to unexpired leases or executor contracts, with all remaining creditors including Creditor being treated inferentially as Class 8 unsecured creditors.

Creditor received notice of the Bankruptcy Petition. On January 27, 2011, Creditor filed an unsecured Proof of Claim. *See Claims Register, Claim 3-1*. The Proof of Claim states that Creditor does not hold a security interest for this claim. Whatever ambiguities may have existed from the Plan's failure to specifically identify Creditor as an unsecured creditor were eliminated when Creditor filed its unsecured Proof of Claim.

On March 18, 2011, this Court entered its Order Confirming Plan. *See Court Docket 27*. Creditor did not object to confirmation of the Plan, did not appeal the Order Confirming Plan, and did not seek collateral relief from the Order Confirming Plan. Creditor's attempt now, more than two months after confirmation of Debtor's Plan, to assert a "secured claim" or other interest in the Funds must be rejected.

Section 1327 delineates the effects of confirmation of a Plan:

> (a) The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan.
>
> (b) Except as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor.
>
> (c) Except as otherwise provided in the plan or in the order confirming the plan, the property vesting in the debtor under subsection (b) of this section is free and clear of any claim or interest of any creditor provided for by the plan.

*11 U.S.C. §1327*. Section 1327 has three distinct components, all of which impact Creditor's Motion and which, cumulatively, compel denial of that Motion.

### 1. Debtor's Plan "Provided for" Creditor's Claim

Section 1327(a) provides that the Plan as confirmed is binding on all creditors whether or not the Plan "provided for" the claim. A claim is "provided for in the plan" if the plan makes

4

some provision for the claim – the plan must deal with, or at least refer to, the claim. The plan does not have to provide for payment of the claim for the plan to "provide for" the claim. A plan that proposes no distribution on a particular claim nonetheless "provides for" the claim. *Lawrence Tractor Company v. Gregory,* 705 F.2d 1118 (9th Cir. 1983).

In this case, Debtor's Plan did provide for Creditor's claim in Class 8 of Debtor's Plan. Debtor scheduled Creditor's Claim as an unsecured claim in Schedule F. Creditor confirmed the status as an unsecured creditor by filing an unsecured Proof of Claim. Debtor's Plan "provided for" Creditor's claim by providing general treatment of all allowed unsecured claims. Creditor is bound by the terms of the Plan as confirmed. *11 U.S.C. §1327(a).*

## 2. Confirmation of Debtor's Plan Revested All Property of the Estate in the Debtor

Section 1327(b) provides that confirmation of the Plan revests all property of the estate in the Debtor unless otherwise provided in the Plan or in the Order Confirming Plan. Debtor's Plan in this case did not provide contrary treatment – Debtor's Plan specifically stated, "Upon confirmation of the Plan, all property of the estate shall vest in the debtor [11 U.S.C. §1327(b)]." The Order Confirming Plan was silent on the issue of vesting. Upon confirmation, the Funds revested in the Debtor by operation of law.

## 3. Property Revests in Debtor Free and Clear of Any Claim or Interest of Creditor

Section 1327(c) provides that property revests in the Debtor "free and clear of any claim or interest of any creditor provided for by the plan." Debtor's Plan "provided for" Creditor's claim by treating that claim as an unsecured claim to be paid as part of Class 8 unsecured creditors. At confirmation, the Funds revested in Debtors free and clear of any claim or encumbrance of the Credit Union.

## **Effect of Section 1327 in this Case**

The cumulative effect of the provisions of Section 1327 in this case is to vest in the Debtor title to the Funds free and clear of any claim of the Creditor. Creditor is attempting post-confirmation to enforce an alleged security agreement in pre-petition assets to collect a claim that was provided for in the Plan in a manner inconsistent with the confirmed Plan and inconsistent with Creditor's Proof of Claim. Creditor's request directly conflicts with the plain language of Section 1327.

In *In re Carouthers,* Case no. DK-10-07869 (Bankr. W.D. Mi. 2011), the United States Bankruptcy Court for the Western District of Michigan denied a Credit Union's Motion for Relief From Stay on facts legally indistinguishable from those in the case at bar. In *Carouthers,* Debtors borrowed money from a Credit Union. Debtors listed the Credit Union as an unsecured creditor in Schedule F. Debtors' Plan did not specifically mention the Credit Union by name; did not list the Credit Union in the class of Secured Creditors; and did not provide for the preservation or payment of any security interest of the Credit Union. The Credit Union did not object to the Plan and the Court confirmed the Plan. The Credit Union did not appeal the Confirmation Order and did not collaterally attack the Confirmation Order.

Several months after confirmation, the Credit Union filed a Motion for Lift of Stay. The Credit Union alleged that it held a lien on Debtors' vehicle and that the Credit Union was not being paid for or otherwise receiving adequate protection for that lien.

The Court denied the Credit Union's Motion, concluding that by virtue of Debtors' Plan as confirmed, the vehicle revested in the Debtors free and clear of any alleged lien or encumbrance. The Court noted that the Credit Union received notice of the proceedings and a copy of the Plan. The Plan treated the Credit Union's claim by inference as an unsecured claim,

as the Plan did not list the claim as a secured claim and the Plan treated all unsecured claims in a single class without specifically naming each unsecured creditor in that class. Upon confirmation, the Plan became binding on all creditors including the Credit Union, and including its status as an unsecured creditor. As the Credit Union no longer had a lien on the vehicle as a result of confirmation, there was no basis for granting relief from the automatic stay.

In the case at bar, Debtors scheduled the Credit Union as an unsecured creditor. The Credit Union did not dispute this status or assert a security interest in any deposit accounts or certificates of deposits. While the Credit Union in *Carouthers* merely failed to object, in the case at bar Creditor affirmatively acknowledged its status as an unsecured creditor by filing a Proof of Claim as an unsecured creditor. The Credit Union did not object to confirmation of the Plan. Upon confirmation, the Plan became *res judicata* as to all issues including the status of the Credit Union as an unsecured claim; and the debtors' property, including the Funds, revested in the Debtors free and clear of any claim or interest of the Credit Union. *See United Student Aid Fund v. Espinosa*, 130 S. Ct. 1367 (2010) (confirmed Chapter 13 Plan binds all creditors and parties in interest, even if Plan contains provision that would have been objectionable had it been raised).

As a general unsecured creditor, the Credit Union has no basis for relief from the automatic stay. The Credit Union cannot allege "cause" under Section 362(d)(1) as the Credit Union is receiving exactly the treatment set forth in the confirmed Chapter 13 Plan. Michigan Compiled Laws Section 490.361 requires that the Credit Union hold a lien on funds before refusing to allow Debtors to withdraw the Funds. The Credit Union does not hold a lien on the Funds pursuant to Section 1327.

Section 362(d)(2) does not afford relief to an unsecured creditor. At confirmation, the Funds revested in Debtor free and clear of any claim or encumbrance, and the Debtor has ample equity in the unencumbered Funds. Creditor cannot establish any basis for relief under Section 362.

### The Credit Union Does Not Have a Right of Setoff Under M.C.L. 490.361

Creditor's Motion is unclear as to the relief requested or the legal basis for relief. Although Creditor's Motion generally refers to Creditor as a secured creditor seeking stay relief, Paragraph 7 of the Creditor's Motion states that Creditor wants to exercise a right of setoff pursuant to Michigan Compiled Laws Section 490.361. This request must be denied.

Section 490.361 does not create a right of setoff as a general proposition. Section 490.361 allows a credit union to refuse to allow a depositor to withdraw funds from an account, but does not create a right in the credit union to then engage in a setoff of those funds. Any right of setoff must arise by State Law and, in a Bankruptcy context, is limited by the parameters of 11 USC Section 553.

Even if Section 490.316 could create a right of setoff, that section does not apply to the Funds in this case as a matter of law. Section 490.316 limits its applicability to situations where the credit union holds a lien on the funds in the deposit account. In this case, Creditor does not hold a lien on the Funds. Creditor is a general unsecured creditor. Section 490.361 cannot create in Creditor any right of setoff by its own terms.

Upon confirmation of Debtors' Plan, the Funds revested in Debtor free and clear of any claim of Creditor, including any claim of a right of setoff. There is no longer any mutuality of obligation which is essential to a right of setoff. *See 11 U.S.C. §553* (setoff requires "mutual debt" between debtor and creditor). In this case, Creditor no longer has a claim against the

Debtors. Creditor has a claim against the Bankruptcy Estate for the sums to be paid to it pursuant to the confirmed Plan. Creditor cannot assert a right of setoff as a matter of law.

Allowing Creditor to setoff against the Funds for payment of a pre-petition obligation would also violate Section 1327(c). Upon confirmation, the Funds revested in Debtors free and clear of *any* claim or encumbrance. To allow Creditor a right of setoff would create a new claim against the Funds in direct contravention of the plain language of Section 1327.

## **CONCLUSION**

For the reasons stated above, Michigan First Credit Union is a general unsecured creditor in this case. Debtor owns the funds in the deposit accounts and any certificates of deposit free and clear of any claim or encumbrance of the Credit Union. Therefore, the Motion of Michigan First Credit Union to Terminate Automatic Stay as to Deposit Account must be denied.

RESPECTFULLY SUBMITTED

    /s/ Thomas D. DeCarlo
Thomas D. DeCarlo, Esq. (P65330)
Counsel for David Wm. Ruskin,
    Standing Chapter 13 Trustee
26555 Evergreen Road
Suite 1100
Southfield, Mi. 48076
(248) 359-6356